UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NASSAU & SUFFOLK TAXI OWNERS ASSOCIATION, INC.,
LINDY'S FLEET SERVICE, INC., EOLA MANAGEMENT,
CORP. d/b/a ALL ISLAND TRANSPORTATION OF
MINEOLA, DAVID BROS., INC. d/b/a DAVID ENTERPRISES,
NORTH SHORE TRANSPORTATION SERVICES, INC.,
LI YELLOW TRANSPORTATION, INC., and COLONIAL
TRANSPORTATION OF L.I., INC.,

                              Plaintiffs,

     v.                                                    17-CV-3839
                                                                (Wexler, J.)

THE STATE OF NEW YORK, ANDREW M. CUOMO,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF THE STATE OF NEW YORK,
and THERESA L.EGAN, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS EXECUTIVE DEPUTY
COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES,
                              Defendants.
------------------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

                                                    ERIC T. SCHNEIDERMAN
                                                    Attorney General of the State of New York
                                                    Attorney for Defendants
                                                      300 Motor Parkway, Suite 230
                                                      Hauppauge, New York 11788

**Of Counsel:**
SUSAN M. CONNOLLY
Assistant Attorneys General

# TABLE OF CONTENTS

Page

**Preliminary Statement**……………………………………………………..………..1

**POINT I**
**ELEVENTH AMENDMENT IMMUNITY BARS THE CLAIM**……………..…..1

**POINT II**
**PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW**………………………………………………………………………… ..…..3

**POINT III**

**PLAINTIFFS' PRIVILEGES AND IMMUNITIES CAUSE OF ACTION MUST BE DISMISSED AS A MATTER OF LAW**……………………………………………………………………….…4

**POINT IV**
**STATE DEFENDANTS CUOMO AND EGAN ARE ENTITLED TO QUALIFIED IMMUNITY**………………………………………………..…..4

**POINT V**
**PLAINTIFFS HAVE FAILED TO JOIN NECESSARY PARTIES**……………..5

**POINT VI**
**NSTOA LACKS STANDING**……………………………………………………7

**CONCLUSION**……………………………………………………………….8

**Preliminary Statement**

Plaintiffs, local taxicab companies and the Nassau Suffolk Taxi Owners Association ("NSTOA"), attempt to the status quo in this State concerning the use of Transportation Network Companies ("TNC") pursuant to the enactment of Article 44-B of the Vehicle and Traffic Law ("VTL"). As the State defendants – State of New York ("State"), Governor Andrew M. Cuomo and Commissioner of the New York State Department of Motor Vehicles ("DMV") Theresa L. Egan have demonstrated, however, this Court should dismiss the action as a matter of law for a variety of reasons.

## POINT I

### ELEVENTH AMENDMENT IMMUNITY BARS THE CLAIM AGAINST THE STATE AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Plaintiffs acknowledge that their frivolous claims against the State of New York as should be dismissed. See Plaintiffs' Memorandum of Law, Point III.

Defendants Cuomo and Egan are sued both individually and in their official capacities (Am. Compl. ¶¶ 56, 57, 58, 59.) The individual defendants cannot be sued here in their official capacities, unless they fall within a narrow exception to the Eleventh Amendment's bar against suing a State official under Ex parte Young, 209 U.S. 123, 159-60 (1908). That narrow exception hinges on whether a plaintiff has a valid constitutional claim against those particular State officials. It is simply not enough to name State officials and ask that the Court assume that because plaintiffs believe their constitutional rights are being infringed, that the named State officials are responsible. Id. As explained infra, and in defendants' papers in chief, plaintiffs do not have a valid constitutional claim against defendants and therefore any request for injunctive relief must fall.

1

Plaintiff's claims for injunctive and declaratory relief against the individual defendants in their individual capacities must be dismissed because neither of the individual defendants have a direct connection to plaintiffs' assertion that the passage of VTL Article 44-B has inflicted injury upon them. "[Actions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." Davidson v. Scully, 148 F.Supp.2d 249, 254 (S.D.N.Y. 2001). Governor Cuomo and Commissioner Egan are clearly not responsible for the passage of the bill that enacted VTL Article 44-B. Plaintiffs have not disputed this. Thus, plaintiff's claims against Governor Cuomo and Commissioner Egan for declaratory and injunctive relief must be dismissed. See, Montero v. Travis, 171 F.3d 757, 761-62 (2d Cir. 1999).

In Iqbal, supra, the Supreme Court held that because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. "Thus, under Iqbal, a defendant can be liable under § 1983 only if that defendant took an action that deprived the plaintiff of his or her constitutional rights." Id.

Furthermore, plaintiffs completely misapprehend the Supreme Court's position concerning Eleventh Amendment immunity vis a vis the Fourteenth Amendment, as articulated in Fitzpatrick v. Blitzer, 427 U.S. 445, 452 (1976). In Fitzpatrick, the Court found that where the Congress had enacted a civil rights law permitting suits to be brought under the Fourteenth Amendment, as it had with Title VII, it was Congress providing for "suits against states that are constitutionally impermissible in other contexts." Id. at 456. The "threshold fact of congressional authorization" for a citizen to sue his state employer was the overriding principle in Fitzpatrick, and it is notably absent here. Plaintiffs can point to no Congressional enactment

permitting this particular type of suit which in any way acts in derogation of the Eleventh Amendment. Their action must fail as a matter of law.

## POINT II

### PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW

Plaintiffs' claim based upon an alleged violation of the Equal Protection Clause must be dismissed as a matter of law. The Equal Protection Clause of the Fourteenth Amendment provides that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne v.Cleburne Living Ctr., 473 U.S. 432, 440 (1985). The rational basis test involves a far lesser form of scrutiny than exists for classifications based on race, alienage, national origin, or gender, or when personal rights are involved. See id. Thus plaintiffs' reliance on cases such as Harlen Assocs. Inc. v. Village of Mineola, 273 F.3d 494 (2d Cir. 2001) (religion), Le Clair v. Saunders, 627 F.2d 606, 1980 U.S. App. LEXIS 15836 (2d Cir. 1980 (religion) is inapposite.[1]

Particularly in a "class of one" case, which is what plaintiffs seek in this Court, the "level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high," Skehan v. Village of Mamaroneck, 465 F.3d 96, 104-105, 2006 U.S. App. LEXIS 24265, (2d Cir. 2006), rev'd on other grounds Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008) (per curiam). In such a case, the existence of more favorably-treated, similarly situated people is used "to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate government policy that an improper purpose — whether personal or otherwise — is all but certain," Id. at 105. Because of the particular posture of a "class of one" claim, the comparators's circumstances must be "prima facie

---

[1] The Second Circuit rejected the equal protection claim in LeClair and found for the defendants.

3

identical." Id. Thus, plaintiffs here must show that: "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." Id. The plaintiffs have not done so. In contrast, the defendants have articulated, in detail, how the TNCs differ in many substantial ways from traditional cab companies such as plaintiffs, and have also articulated the legitimate government policy behind the enactment of Article 44-B, see defendants' Memorandum of Law in chief, Point II. Defendants have demonstrated much more than a mere rational basis for the enactment, and are entitled to have this action dismissed at this stage.

## POINT III

### PLAINTIFFS' PRIVILEGES AND IMMUNITIES CAUSE OF ACTION MUST BE DISMISSED AS A MATTER OF LAW

In amending their Complaint, plaintiffs added a cause of action based on an alleged violation of the Privileges and Immunities Clause. See Amended Complaint, Second Cause of Action. Defendants have submitted a qualified immunity argument as grounds for dismissal of this action. See defendants' Motion to Dismiss, Memorandum of Law, Point III. The plaintiffs have failed to provide any argument in opposition to defendants' well-articulated grounds for dismissing this claim. Therefore, the cause of action must be dismissed.

## POINT IV
### STATE DEFENDANTS CUOMO AND EGAN ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants have submitted a qualified immunity argument as grounds for dismissal of

4

this action. See defendants' Motion to Dismiss, Memorandum of Law, Point IV. Plaintiffs have not opposed this argument. Therefore, Governor Cuomo and Commissioner Egan are both entitled to qualified immunity, requiring dismissal of this action.

## POINT V

## PLAINTIFFS HAVE FAILED TO JOIN NECESSARY PARTIES

Under FRCP Rule 19, a determination of whether or not to dismiss an action for failure to join an indispensable party requires 1) an inquiry whether the "absent party belongs in the suit" and whether joinder is feasible. See Viacom Int'l Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000) (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 124, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968)). Thereafter, the second step, requires an inquiry whether failure to join the absent party warrants dismissal. Associated Dry Goods Corp. v. Towers Financial Corp., 920 F.2d 1121, 1123 (2d Cir. 1990). Execution of these steps must be grounded in the need to "entertain[] the broadest possible scope of action, consistent with fairness to parties." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966).

Plaintiffs admit that such potential for adverse effects requires that the Court not proceed in the absence of necessary parties such as Uber of Lyft, see Pltfs' Mem. of Law Point V. Plaintiffs then go on to proffer the absurd notion that the State defendants – public entities having absolutely nothing to do with ongoing private businesses potentially affected by the relief requested by plaintiffs – are somehow adequate representatives of these private companies' rights and interests. Id., p. 14. Plaintiffs can not point to the type of "virtually identical interests who would be advancing virtually the same legal and factual positions" that might make such a situation tenable. Id.; see also Gibbs Wire & Steel Co. Inc. v. Johnson, 255

F.R.D. 326, 329 (D.Conn. 2009). State defendants have no known overlapping interests or defenses, factual or legal, with private TNCs who are businesses working in the State as well as many other places worldwide, and cannot presume to adequately protect their interests in this litigation. Indeed, plaintiffs have made no showing demonstrating that the State's defenses and interests mirror those for a TNC so that adequate representation would exist, and certainly some – such as the Eleventh Amendment, qualified immunity, and the obligation to fulfill the needs of areas of the State which lack adequate transportation options – are not available to the TNCs, just as the potential arguments by a TNC, such as the potential financial osses to be suffered if this action were successful – are not within the State's purview. This alone satisfies the second prong of Rule 19(a) concerning the requirement to join necessary parties, and no further inquiry need be made. As noted previously, and supported by the material contained in Plaintiffs' very papers, two TNCs, Uber and Lyft, have actually been operating throughout Long Island and the State at large for months. These two entities (and likely others), as well as all the drivers working through them, have interests clearly affected by the outcome of this litigation, and in the event a decision striking the new statute was issued, it would necessarily impair and impede their businesses within the State.

Plaintiffs' reliance on DeSoto Cab Co. v. Picker, 196 F.Supp.3d 1107 (ND.Cal. 2016) is not persuasive in this regard. In that case, the argument made was that it was necessary to join every cab company, every TNC and every jurisdiction to the lawsuit, an argument that was denied by the court without prejudice to renewal as the case continued, and only because there was no argument made at all concerning why such joinder would be necessary. Id at. 119.[2]

---

[2]. Importantly, the DeSoto case ultimately resulted in a complete dismissal of the cab company's action on equal protection grounds. Desoto Cab Co. v. Picker, 228 F. Supp. 3d 950, 2017 U.S. Dist. LEXIS 5004, 2017 WL 118810 (N.D.Cal. 2017)

6

Moreoever, while plaintiffs cite to Illinois Transportation Assoc. v. City of Chicago 839 F.3d 594 (7th Cir. 2016) to support their argument that no joinder of TNCs has ever been required, in that case the TNCs actually intervened in the action, which later was dismissed on equal protection grounds. Also cited by plaintiffs, in Boston Taxi Owners Assoc. v. City of Boston, 180 F.Supp.3d 108 (D.Mass. 2016), no TNCs intervened or were the subject of a necessary parties motion because the statute in question had not yet gone into effect – and thus no TNC could have argued that it was adversely affected.[3]

Plaintiffs' failure to join these parties, therefore, has resulted in a situation where they would ostensibly be bound by this Court's order without an opportunity to be heard and protect their interests; a situation which requires the dismissal of the Amended Complaint.

## POINT VI

## NSTOA LACKS STANDING

It is Plaintiffs' burden to establish that there is a "case or controversy" between themselves and the defendant in this case. See Worth v. Seldin, 422 U.S. 490, 498 (1975). For Article III standing, "a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action' and the injury must be likely redressable by a favorable decision." Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006)(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Plaintiffs cite to cases which do not support their argument in this regard. See, e.g., National Motor Freight Traffic Ass'n v. United States, 372 U.S. 246, 83 S. Ct. 688, 9 L. Ed. 2d 709, 1963 U.S. LEXIS 2440 (1963), which granted organizational standing to associations which, aside from being groups of motor carriers, also performed independent functions such as representing

---

[3] The Boston Taxi Owners case was also, in part, dismissed on equal protection grounds. Id. at 125.

7

motor carriers in proceedings before the Interstate Commerce Commission. The plaintiffs have made so such showing herein. Moreover, unlike <u>Hunt v. Washington State Apple Advertising Comm'n.</u>, 432 U.S. 333, 344 (1977), plaintiffs herein have made no showing that NSTOA extensively "has engaged in advertising, market research and analysis, public education campaigns, and scientific research" such that including it as a plaintiff is proper.

## CONCLUSION

For all the substantive reasons discussed herein, the Motion to Dismiss the Amended Complaint should be granted in its entirety.

Dated: Hauppauge, New York
       February 23, 2018

Respectfully submitted,
ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

By: /s/ SUSAN M. CONNOLLY
SUSAN M. CONNOLLY
Assistant Attorneys General
300 Motor Parkway, Suite 230
Hauppauge, N.Y. 11788

TO: Karen Svendsen, Esq.
     Long Tuminello
     120 Fourth Avenue
     Bay Shore, NY 11706

STATE OF NEW YORK )
                          ) SS.:
COUNTY OF SUFFOLK )

      EVELYN ORELLANA, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and is employed in the office of ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, attorney for defendant. On February 23, 2018, she served a copy of the enclosed Defendant's Reply Memorandum of Law in Support of Motion to Dismiss the Complaint upon the following named person(s):

           Karen Svendsen, Esq.
           Long Tuminello
           120 Fourth Avenue
           Bay Shore, New York 11706

the addresses designated by said persons for that purpose by UPS Overnight Mail.

                                                      EVELYN ORELLANA

Sworn to before me this
23rd day of February, 2018

_____
SUSAN M. CONNOLLY
Assistant Attorney General